UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ALLEN F. WILLIAMS )
)
v. ) NO. 2:04-CV-420
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

# MEMORANDUM OPINION

The plaintiff Allen F. Williams has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for supplemental security income and disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Williams was born in 1962 and was 41 years old at the time of his administrative hearing. [Tr. 267]. He graduated high school and has relevant past work experience as a trimmer operator. [Tr. 14, 267]. Mr. Williams alleges he is disabled as of September 13, 2001, from back and hip pain, a broken left wrist, vision problems, and a mental condition. [Tr. 14]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Williams was not disabled as defined by the Social Security Act. [Tr. 17].

At Mr. Williams' administrative hearing held on October 23, 2003, the testimony of Mr. Williams and vocational expert Cathy Sanders was received into evidence. [Tr. 267-87]. Mr. Williams testified his last job was as a trimmer operator and his last day of work was September 13, 2001. [Tr. 267-68]. Mr. Williams testified he has been on pain medication since an injury in 1980 and another in 1989 or 1990. [Tr. 270]. He experiences a lot of numbness on a daily basis. [Tr. 276]. According to Mr. Williams, his medications make him feel sleepy and groggy. [Tr. 278]. He is able to wash the family dishes and mow their yard on a riding lawnmower. [Tr. 281].

Vocational expert Cathy Sanders testified next. [Tr. 284-87]. She characterized Mr. Williams' past relevant work as a trimmer operator as heavy and unskilled. [Tr. 284]. The ALJ then asked her to assume a person of Mr. Williams' age, education, and work background who is restricted to light work, a job that would allow frequent postural changes, and a job that would not require him to have regular contact with the general public. [*Id*.]. The vocational expert testified such a person could work as a hand packer and an assembler. [*Id*.]. If such a person were limited to sedentary work, he could work as an assembler, inspector, material handler, grader, and sorter. [Tr. 285].

The ALJ ruled that Mr. Williams was not disabled because his severe

2

impairments of chronic hip and back pain, a history of a left hip fracture, and an adjustment disorder with depressed mood were not severe enough for a finding of disability. [Tr. 17]. The ALJ then found that Mr. Williams retained the residual functional capacity [RFC] to perform at the light level of exertion with frequent postural changes but not with regular contact with the general public. [Tr. 18]. With those limitations, Mr. Williams could not perform his past relevant work, but he could work as a hand packer, assembler, and labeler. [Tr. 19-20].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Williams requests summary judgment and challenges the weight the ALJ gave to the opinion of his treating physician, Dr. Sid Noor. Under Sixth Circuit law,

3

the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

Dr. Noor stated in 2003 that Mr. Williams could occasionally lift/carry five pounds and frequently lift no weight at all during an eight-hour workday. [Tr. 247]. In addition, he could only stand/walk/sit for 15 minutes in an eight-hour workday. [Tr. 247-48]. To support these severe restrictions, Dr. Noor cited Mr. Williams' degenerative disc disease. [*Id.*]. Mr. Williams could also never climb, kneel, crouch, stoop, balance, or crawl. [Tr. 248].

Dr. Noor's limitations were rightly discarded by the ALJ because they were at odds with the opinions of other health professionals, Mr. Williams' own testimony, and Dr. Noor's own treatment notes. First, as the ALJ noted in his decision, three other doctors indicated Mr. Williams could perform light work, with the occasional lifting/carrying of 50 pounds and the frequent lifting/carrying of 25 pounds. [Tr. 18, 109, 112, 198, 216-31]. Second, Mr. Williams testified he was able to wash the dishes and mow his yard with a riding lawnmower. [Tr. 281]. And, Mr. Williams was written up several times by physicians for not properly using his pain medication,

4

thereby rendering his subjective complaints and credibility suspect. [Tr. 104, 112, 130-31]. Finally, Dr. Noor's own treatment notes belie such severe limitations. Mr. Williams was seen with a normal gait and intact reflexes with only slight back tenderness and hip pain. [Tr. 170, 173, 175, 177, 180]. Although Mr. Williams did undergo an MRI which indicated degenerative disc disease, absent additional objective medical findings, a disabling condition cannot be found. [Tr. 15-16]. Because Dr. Noor's limitations were inconsistent with the medical record, Mr. Williams' own testimony, and Dr. Noor's own records, the ALJ had substantial evidence to support his decision to discredit the limitations.

Mr. Williams also asserts the ALJ erred by not relying on some parts of the vocational expert's testimony. According to the vocational expert, if Mr. Williams' testimony about his medication side effects was deemed credible, there would not be any jobs he would be able to perform. [Tr. 285]. However, the ALJ did not have to credit this testimony because he already found Mr. Williams' specific complaints about medication side effects were not credible because they went unreported. [Tr. 19]. This court supports the ALJ's credibility finding. Mr. Williams worked for years with the alleged medication side effects. [Tr. 269]. In addition, Mr Williams failed to begin physical therapy or mental health therapy after each was recommended, occasionally missed scheduled appointments, breached a contract regarding the proper

5

use of narcotics, failed two drug screenings, exhibited pain behaviors, put forth poor effort on physical examinations, and described many daily activities. [Tr. 18-19]. Because the ALJ was correct in finding Mr. Williams' subjective allegations less than credible, he was also correct in discounting the vocational expert's testimony about medication side effects.

After careful consideration of the entire record of proceedings related to this case, Mr. Williams' motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

    ENTER:

        s/Thomas Gray Hull
       THOMAS GRAY HULL
        SENIOR U. S. DISTRICT JUDGE